**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| **MAXIMO RICHARD fka LEROYYATTA DESROSIER,** | **Case No.:  8:26-cv-501** |
| **Plaintiff,** | **Judge:** |
| v. | |
| **USIC LOCATING SERVICES, LLC,** | |
| **Defendant.** | |

**NOTICE OF REMOVAL FROM STATE COURT
BY DEFENDANT USIC LOCATING SERVICES, LLC**

PLEASE TAKE NOTICE that Defendant USIC Locating Services, LLC ("USIC" or "Defendant"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes the action entitled *Maximo Richard fka Leroyyatta Desrosier v. USIC Locating Services, LLC,* Case No. 25-007129-CI, from the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida to the United States District Court for the Middle District of Florida, Tampa Division. For the reasons fully explained below, this Court has original jurisdiction over this action because there is complete diversity and the amount in controversy exceeds $75,000.

## I.    PROCEDURAL BACKGROUND.

On December 16, 2025, Plaintiff Maximo Richard fka Leroyyatta Desoriser ("Plaintiff") filed his Complaint against USIC in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, Case No. Case

No. 25-007129-CI (the "Complaint").  Plaintiff served USIC with the Summons and Complaint via process server, on February 2, 2026, as seen on the Summons. (*See* State Court Other Documents at p. 14.) Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Complaint, Summons, and all related process and pleadings served on USIC are attached hereto.

## II.   DIVERSITY JURISDICTION IS ESTABLISHED

### A.   Plaintiff and USIC are Diverse.

Satisfying the requirements of 28 U.S.C. § 1332, USIC and Plaintiff are completely diverse.

#### 1.   Plaintiff is a Citizen of Florida

As set forth in the Complaint, Plaintiff is a resident of the State of Florida. (Compl. at ¶ 4.)  For purposes of diversity jurisdiction, individuals are citizens of the state in which they are domiciled.  28 U.S.C. § 1332(a)(1); *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) ("Citizenship is equivalent to "domicile" for purposes of diversity jurisdiction."). Accordingly, Plaintiff is a citizen of Florida for purposes of determining diversity jurisdiction.

#### 2.   USIC is Not a Citizen of Florida

USIC is a limited liability corporation, incorporated under Indiana law, with its corporate headquarters located at 9045 River Road, Suite 200, Indianapolis, Indiana 46240. (*See* USIC Business Entity Report, attached hereto as Exhibit A.)

Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State and foreign state by which it has been incorporated and of the

State and foreign state where it has its principal place of business." A corporation's principal place of business is the "actual center of direction, control, and coordination." *Hertz Corp. v. Friend*, 559 U.S. 77, 80, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010). Based on the foregoing, USIC is only a citizen of the State of Indiana because it is incorporated in Indiana with its principal place of business in Indiana. Accordingly, USIC is not a citizen of the State of Florida for diversity purposes.

As a result, because Plaintiff's citizenship (Florida) differs from USIC's citizenship (Indiana), complete diversity of citizenship exists under 28 U.S.C. § 1332 and removal is proper.

### B.    The Amount-in-Controversy Exceeds $75,000

Federal district courts have original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, excluding interests and costs. 28 U.S.C. § 1332(a); *Hunt v. Wash. State Apple Advertising Comm'n.*, 432 U.S. 333 (1977). A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," *Dart Cherokee Basin Operation Co. v. Owens*, 135 S. Ct. 547, 554 (2014), and a removing defendant must provide by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. *Roe v. Michelin North Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). In determining whether the amount in controversy is satisfied for the purpose of diversity jurisdiction, the Court should assess whether the pleadings allege an amount in controversy that

exceeds the statutory threshold. *CMYK Enter. Inc. v. Advanced Print Tech., LLC*, 154 F.4th 1329, 1334 (11th Cir. 2025).

Here, Plaintiff's Complaint does not include a specific demand for damages, except to state the damages are in excess of $50,000.[1]  However, upon a full and fair reading of the Complaint, the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff's complaint seeks economic and compensatory damages for violations and retaliation under Florida's workers' compensation law.  While Plaintiff does not specify the amount of damages sought, he alleges that he was wrongfully terminated and that he has sustained damages, including economic and compensatory damages. (Compl. at ¶ 28 and Wherefore Clause.) Additionally, Plaintiff's prayer for relief seeks attorneys' fees. These additional amounts, combined with the alleged economic and compensatory damages, would certainly exceed the $75,000 amount in controversy requirement of 28 U.S.C. § 1332(a). Under these allegations, the amount in controversy exceeds the jurisdictional minimum.

Although Defendant does not concede that Plaintiff is entitled to compensatory damages of any amount, a fair reading of Plaintiff's complaint clearly shows that the amount in controversy exceeds $75,000, exclusive of

---

[1] Plaintiff's State Court Case Civil Cover Sheet provides further evidence that Plaintiff values his claim in excess of the $75,000 jurisdictional limit, as Plaintiff checked the box indicating the estimated amount of the claim is $75,001 - $100,000, on the Civil Cover Sheet filed on December 16, 2025. (State Court Other Documents at p. 1.)

interest and costs. Thus, Defendant satisfies the amount-in-controversy requirement as a matter of law.

## III.   <u>REMOVAL IS TIMELY</u>

USIC's removal is timely. Under 28 U.S.C. § 1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of the summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

Here, service was complete on February 2, 2026.  (*See* State Court Other Documents at p. 14.) Because this Notice of Removal is being filed within 30 days of service of the Complaint or receipt of a copy of the same, removal is timely.

## IV.   <u>VENUE IS PROPER</u>

Venue is proper pursuant to 28 U.S.C. §§ 86, 1391, and 1446.  Plaintiff filed his Complaint in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida.  Venue is properly in the federal district "embracing the place where such action is pending."  28 U.S.C. § 1446(a). Accordingly, venue properly lies in the United States District Court for the Middle District of Florida, Tampa Division, as this Court's jurisdiction extends over Pinellas County, Florida.

## V.   **NOTICE TO PLAINTIFF AND STATE COURT**

USIC will promptly serve copies of this Notice of Removal upon Plaintiff and will promptly file a copy of this Notice of Removal with the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, pursuant to 28 U.S.C. § 1446(d).

Nothing in this Notice of Removal is intended or should be construed as any type of express or implied admission by USIC of any fact or the validity or merits of Plaintiff's claims, causes of action or allegations or ability to maintain such an action in court. USIC expressly reserves all rights, remedies, and defenses in connection with this action.

**WHEREFORE**, having provided notice as is required by law, USIC respectfully requests that this Court assume full jurisdiction over this action as if Plaintiff had originally commenced this action with this Court.

Dated:  February 23, 2026            Respectfully submitted,

*/s/ Jill S. Kirila*
Jill S. Kirila (Bar No.: 94267)
Squire Patton Boggs (US) LLP
200 South Biscayne Boulevard
Suite 3400
Miami, Florida 33131
Telephone: +1 305 577 7000
Facsimile:+1 305 577 7001
Email: jill.kirila@squirepb.com

*Counsel for Defendant*
*USIC Locating Services, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that USIC Locating Services, LLC's Notice of Removal was served by U.S. mail this 23rd day of February, 2026, upon the following:

Troy Longman II (Florida Bar No.: 1031921)
Wolfgang M. Florin (Florida Bar No.: 907804)
FLORIN|GRAY
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 220-4000
Facsimile (727) 483-7942
tlongman@floringray.com
wflorin@floringray.com

*Counsel for Plaintiff*

/s/ Jill S. Kirila
Jill S. Kirila
*Attorney for Defendant*
*USIC Locating Services, LLC*